UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERTRUDE MAE FLYNN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GF MANAGEMENT, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Gertrude Mae Flynn, on behalf of herself and the proposed class (defined below), brings this action against GF Management, Inc. ("Defendant"):

### INTRODUCTION

1. For more than 20 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities be provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3. Defendant operates various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4. Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

1

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to nondisabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendant because it manages and/or operates multiple hotels located in Allegheny County, including the Embassy Suites Pittsburgh International Airport hotel ("Embassy Suites").

8. Venue in the Western District of Pennsylvania is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

## PARTIES

9. Plaintiff Gertrude Mae Flynn, at all times relevant hereto, is and was a resident of Lawrence County, Pennsylvania.

10. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

13. Plaintiff is a former board member of Disability Options Network and is a current member of the disability rights organization ADAPT.

14. Defendant GF Management, Inc. is incorporated under the laws of Pennsylvania with its principal place of business in Philadelphia, PA.

## FACTUAL ALLEGATIONS

15. Defendant manages and/or operates many hotels throughout the United States.

16. As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

17. Within the applicable limitations period, Plaintiff called the Embassy Suites and was told by an agent of Defendant that the Embassy Suites provides a complimentary shuttle service for guests.

18. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible and was told that Defendant would not provide an alternative transportation service.

19. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff above.

20. The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Embassy Suites, Defendant manages and/or operates a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

21. These hotels include, but are not limited to, the following locations:

    A. Four Points by Sheraton San Diego located at 8110 Aero Drive, San Diego, CA 92123;

    B. Shoreham Hotel located at 33 W. 55th Street, New York, NY 10019;

  C. Holiday Inn Buffalo International Airport located at 4600 Genesee Street, Cheektowaga, NY 14225;

  D. Hilton Garden Inn Exton/West Chester located at located at 720 Eagleview Boulevard, Exton, PA 19341;

  E. Best Western Lehigh Valley Hotel & Conference Center located at 300 Gateway Drive, Bethlehem, PA 18017;

  F. Hampton Inn & Suites Bethlehem located at 200 Gateway Drive, Bethlehem, PA 18017

  G. Sheraton Great Valley Hotel located at 707 East Lancaster Avenue, Frazer, PA 19355;

  H. Valley Forge Casino Resort located at 1160 1st Avenue, King of Prussia, PA 19406;

  I. Embassy Suites by Hilton Pittsburgh International Airport located at 550 Cherrington Parkway, Coraopolis, PA 15108;

  J. Wingate by Wyndham Allentown located at 4325 Hamilton Boulevard, Allentown, PA 18103 and

  K. Holiday Inn Corpus Christi Downtown Marina located at 707 North Shoreline Boulevard, Corpus Christi, TX 78401.

22. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## **CLASS ALLEGATIONS**

23. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels."

24. <u>Numerosity:</u> The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

25. <u>Typicality:</u>  Plaintiff's claims are typical of the claims of the members of the class.  The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

26. <u>Common Questions of Fact and Law:</u>  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

27. <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

28. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## **CAUSE OF ACTION**
**Violations of 42 U.S.C. §§ 12181,** *et seq.*

29. Plaintiff incorporates by reference each and every allegation herein.

30. Plaintiff brings this claim individually and on behalf of the class.

31. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

32. Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

33. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

34. Defendant operates fixed route systems and demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

35. For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

36. For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C)

37. Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

38. Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

   a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels;

   b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

   c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control; and

   d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

39. Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

40. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with mobility disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501 which direct Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

c. An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

d. Payment of costs and reasonable attorneys' fees as provided for by law; and

e. Such other additional or alternative relief as the Court finds just and proper.

Dated: December 19, 2017                    Respectfully submitted,

*/s/ R Bruce Carlson*
R. Bruce Carlson
bcarlson@carlsonlynch.com
Gary F. Lynch
glynch@carlsonlynch.com
Kevin Abramowicz
kabramowicz@carlsonlynch.com
CARLSON LYNCH SWEET KILPELA &
CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243